**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 2 4 2012 ★

**BROOKLYN OFFICE**

JAJ:SDD/ZA
F.#2011R00634

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

DEVON RODNEY,
    also known as "D-Bloc,"
YASSA ASHBURN,
    also known as "Indio,"
    "Swirls" and "Swerve,"
HAILE CUMMINGS,
    also known as "Ruger" and
    "Rugah,"
GERALDO ELAINOR,
    also known as "Gunny" and
    "Geraldo Casimir,"
DANIEL HARRISON,
    also known as "Bones,"
RICKY HOLLENQUEST,
    also known as "Dancer,"
JAMAL LAURENT,
    also known as "Tails" and
    "Gunner,"
TREVELLE MERRITT,
    also known as "Tiger," and
RALIK ODOM,
    also known as "Ra-Ra" and
    "Rahleek Odom,"

        Defendants.

- - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-303 (S-2)(NGG)
(T. 18, U.S.C., §§
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 1951(a),
1959(a)(1), 1959(a)(3),
1959(a)(5), 1962(c),
1962(d), 1963, 2 and 3551 et
seq.)

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    At all times relevant to this Superseding Indictment,
unless otherwise indicated:

<u>The Enterprise</u>

1.    The Six Tre Outlaw Gangsta Disciples Folk Nation, also known as the "Six Tre Folk Nation" (hereinafter the "Six Tre Folk Nation" or the "enterprise"), was a gang with members located throughout Brooklyn, New York, Queens, New York and elsewhere.  Members and associates of the Six Tre Folk Nation have engaged in acts of violence, including murder, attempted murder, robbery and assault.

2.    The defendants DEVON RODNEY, also known as "D-Bloc," YASSA ASHBURN, also known as "Indio," "Swirls" and "Swerve," HAILE CUMMINGS, also known as "Ruger" and "Rugah," GERALDO ELAINOR, also known as "Gunny" and "Geraldo Casimir," DANIEL HARRISON, also known as "Bones," RICKY HOLLENQUEST, also known as "Dancer," JAMAL LAURENT, also known as "Tails" and "Gunner," TREVELLE MERRITT, also known as "Tiger," and RALIK ODOM, also known as "Ra-Ra" and "Rahleek Odom," were members of the Six Tre Folk Nation.

3.    The Six Tre Folk Nation, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

4.   The purposes of the enterprise included the following:

a.   Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

b.   Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder;

c.   Keeping victims and rivals in fear of the enterprise and its members and associates; and

d.   Enriching the members and associates of the enterprise through criminal activity, including robbery.

## Means and Methods of the Enterprise

5.   Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.   Members of the Six Tre Folk Nation and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprises's prestige and protect and expand the enterprises's criminal operations;

b.   Members of the Six Tre Folk Nation and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations; and

c.   Members of the enterprise and their associates used, attempted to use and conspired to use robbery as a means of obtaining money.

## COUNT ONE
(Racketeering)

6.   The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.   In or about and between April 2008 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEVON RODNEY, also known as "D-Bloc," YASSA ASHBURN, also known as "Indio," "Swirls" and "Swerve," HAILE CUMMINGS, also known as "Ruger" and "Rugah," GERALDO ELAINOR, also known as "Gunny" and "Geraldo Casimir," DANIEL HARRISON, also known as "Bones," RICKY HOLLENQUEST, also known as "Dancer," JAMAL LAURENT, also known as "Tails" and "Gunner," TREVELLE MERRITT, also known as "Tiger," and RALIK ODOM, also known as "Ra-Ra" and "Rahleek Odom," together with others, being persons employed by and associated with the Six Tre Folk Nation, an enterprise that engaged in, and the activities of which affected, interstate and foreign

5

commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of the Six Tre Folk Nation through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
(Conspiracy to Murder)

8.    In or about and between April 2008 and October 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEVON RODNEY, YASSA ASHBURN, HAILE CUMMINGS, GERALDO ELAINOR, DANIEL HARRISON, RICKY HOLLENQUEST, JAMAL LAURENT, TREVELLE MERRITT and RALIK ODOM, together with others, did knowingly and intentionally conspire to cause the death of one or more other persons, to wit: members of a set of the Crips gang, located in Brooklyn, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT TWO
(Murder of Courtney Robinson)

9.    On or about April 20, 2008, within the Eastern District of New York, the defendant YASSA ASHBURN, together with others, with intent to cause the death of another person, to wit: Courtney Robinson, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

6

## RACKETEERING ACT THREE
(Murder of Anthony Thomas)

10.   On or about August 9, 2008, within the Eastern District of New York, the defendant GERALDO ELAINOR, together with others, with intent to cause the death of another person, to wit: Anthony Thomas, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT FOUR
(Attempted Murder)

11.   On or about September 13, 2008, within the Eastern District of New York and elsewhere, the defendants DEVON RODNEY and RALIK ODOM, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: an individual known as "Wrinkles," in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT FIVE
(Conspiracy to Murder)

12.   In or about and between October 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendants DEVON RODNEY and HAILE CUMMINGS, together with others, did knowingly and intentionally conspire to cause of the death of another person, to wit: an associate of the President Street Crew, located in Brooklyn, New York, known as "Specs," in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT SIX
(Attempted Murder)

13.  On or about May 15, 2009, within the Eastern District of New York, the defendants DEVON RODNEY and DANIEL HARRISON, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT SEVEN
(Hobbs Act Robbery Conspiracy)

14.  In or about and between January 2009 and August 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DEVON RODNEY, HAILE CUMMINGS, RICKY HOLLENQUEST, JAMAL LAURENT and RALIK ODOM, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of employees of jewelry stores, in violation of Title 18, United States Code, Section 1951(a).

### RACKETEERING ACT EIGHT
(Hobbs Act Robbery)

15.  On or about May 18, 2009, within the Eastern District of New York and elsewhere, the defendants DEVON RODNEY, HAILE CUMMINGS and RICKY HOLLENQUEST, together with others, did knowingly and intentionally obstruct, delay and affect commerce,

and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of employees of the Lee Perla jewelry store at the Riverside Square Mall in Hackensack, New Jersey, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### RACKETEERING ACT NINE
(Murder of Brent Duncan)

16.   On or about June 19, 2010, within the Eastern District of New York, the defendant JAMAL LAURENT, together with others, with intent to cause the death of another person, to wit: Brent Duncan, did cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TEN
(Hobbs Act Robbery Conspiracy)

17.   In or about and between June 2010 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JAMAL LAURENT and RICKY HOLLENQUEST, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of individuals solicited over the internet via Craigslist, in violation of Title 18, United States Code, Section 1951(a).

### RACKETEERING ACT ELEVEN
(Hobbs Act Robbery)

18.   On or about June 30, 2010, within the Eastern District of New York, the defendants JAMAL LAURENT and RICKY HOLLENQUEST, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of an individual solicited over the internet via Craigslist, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in Brooklyn, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### RACKETEERING ACT TWELVE
(Attempted Murder)

19.   On or about June 30, 2010, within the Eastern District of New York and elsewhere, the defendant JAMAL LAURENT, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT THIRTEEN
(Hobbs Act Robbery)

20.   On or about July 7, 2010, within the Eastern District of New York, the defendant JAMAL LAURENT, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in

commerce, by robbery, to wit: the robbery of an individual solicited over the internet via Craigslist, to wit: John Doe #4, an individual whose identity is known to the Grand Jury, in Brooklyn, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### RACKETEERING ACT FOURTEEN
(Hobbs Act Robbery)

21. On or about July 25, 2010, within the Eastern District of New York, the defendant JAMAL LAURENT, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of an individual solicited over the internet via Craigslist, to wit: John Doe #5, an individual whose identity is known to the Grand Jury, in Brooklyn, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### RACKETEERING ACT FIFTEEN
(Hobbs Act Robbery)

22. On or about October 5, 2010, within the Eastern District of New York, the defendant RICKY HOLLENQUEST, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of an individual solicited over the internet via Craigslist, to wit: John Doe #6, an individual whose identity is known to the Grand Jury, in

Brooklyn, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## RACKETEERING ACT SIXTEEN
(Robbery Resulting in Murder)

23.   The defendant TREVELLE MERRITT committed the following acts, either of which alone constitutes Racketeering Act Sixteen:

A.   Attempted Robbery

24.   On or about January 28, 2011, within the Eastern District of New York, the defendant TREVELLE MERRITT, together with others, did knowingly and intentionally attempt to forcibly steal property from another person, to wit: Dasta James, by threatening immediate use of physical force upon said person and, in the course of such robbery, while aided by another person actually present, displaying what appeared to be a firearm, in violation of New York Penal Law Sections 160.10 and 20.00.

B.   Murder

25.   On or about January 28, 2011, within the Eastern District of New York, the defendant TREVELLE MERRITT, together with others, did knowingly and intentionally attempt to forcibly steal property from another person, to wit: Dasta James, and in the course of and in furtherance of such crime, and in immediate flight therefrom, cause the death of an individual other than a

participant in the crime, to wit: Dasta James, in violation of
New York Penal Law Sections 125.25(3) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963
and 3551 et seq.)

COUNT TWO
(Racketeering Conspiracy)

26.  The allegations contained in paragraphs one
through five are realleged and incorporated as if fully set forth
in this paragraph.

27.  In or about and between April 2008 and October
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants DEVON
RODNEY, also known as "D-Bloc," YASSA ASHBURN, also known as
"Indio," "Swirls" and "Swerve," HAILE CUMMINGS, also known as
"Ruger" and "Rugah," GERALDO ELAINOR, also known as "Gunny" and
"Geraldo Casimir," DANIEL HARRISON, also known as "Bones," RICKY
HOLLENQUEST, also known as "Dancer," JAMAL LAURENT, also known as
"Tails" and "Gunner," TREVELLE MERRITT, also known as "Tiger,"
and RALIK ODOM, also known as "Ra-Ra" and "Rahleek Odom,"
together with others, being persons employed by and associated
with the Six Tre Folk Nation, an enterprise that engaged in, and
the activities of which affected, interstate and foreign
commerce, did knowingly and intentionally conspire to violate
Title 18, United States Code, Section 1962(c), that is, to
conduct and participate, directly and indirectly, in the conduct

of the affairs of the enterprise through a pattern of
racketeering activity, as that term is defined in Title 18,
United States Code, Sections 1961(1) and 1961(5).

28.  The pattern of racketeering activity through which
the defendants DEVON RODNEY, YASSA ASHBURN, HAILE CUMMINGS,
GERALDO ELAINOR, DANIEL HARRISON, RICKY HOLLENQUEST, JAMAL
LAURENT, TREVELLE MERRITT and RALIK ODOM agreed to conduct the
affairs of the enterprise consisted of the racketeering acts set
forth in paragraphs eight through twenty-five of Count One of
this Superseding Indictment, as Racketeering Acts One through
Sixteen, which are realleged and incorporated as if fully set
forth in this paragraph.  Each defendant agreed that a
conspirator would commit at least two acts of racketeering in the
conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963
and 3551 et seq.)

COUNT THREE<br>(Unlawful Use of Firearms)

29.  In or about and between April 2008 and October
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants HAILE
CUMMINGS, also known as "Ruger" and "Rugah," DANIEL HARRISON,
also known as "Bones," and TREVELLE MERRITT, also known as
"Tiger," together with others, did knowingly and intentionally
use and carry one or more firearms during and in relation to one

or more crimes of violence, to wit: the crimes charged in Counts
One and Two, and did knowingly and intentionally possess said
firearms in furtherance of such crimes of violence, which
firearms were brandished and discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551
et seq.)

## COUNT FOUR
### (Murder In-Aid-Of Racketeering)

30.   At all times relevant to this Superseding
Indictment, the Six Tre Folk Nation, as more fully described in
paragraphs one through five, which are realleged and incorporated
as if fully set forth in this paragraph, including its
leadership, membership and associates, constituted an
"enterprise" as defined in Title 18, United States Code, Section
1959(b)(2), that is, a group of individuals associated in fact
that was engaged in, and the activities of which affected,
interstate and foreign commerce.   The enterprise constituted an
ongoing organization whose members functioned as a continuing
unit for a common purpose of achieving the objectives of the
enterprise.

31.   At all times relevant to this Superseding
Indictment, the Six Tre Folk Nation, through its members and
associates, engaged in racketeering activity, as defined in Title
18, United States Code, Sections 1959(b)(1) and 1961(1), that is,

acts involving murder and robbery, in violation of the laws of the State of New York, and Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a).

32.   On or about April 20, 2008, within the Eastern District of New York, the defendant YASSA ASHBURN, also known as "Indio," "Swirls" and "Swerve," together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Courtney Robinson, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
### (Unlawful Use of a Firearm)

33.   On or about April 20, 2008, within the Eastern District of New York, the defendant YASSA ASHBURN, also known as "Indio," "Swirls" and "Swerve," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did knowingly and intentionally possess said

firearm in furtherance of such crime of violence, which firearm
was brandished and discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551
et seq.)

### COUNT SIX
(Murder In-Aid-Of Racketeering)

34.   The allegations contained in paragraphs one
through five and thirty and thirty-one are realleged and
incorporated as if fully set forth in this paragraph.

35.   On or about August 9, 2008, within the Eastern
District of New York, the defendant GERALDO ELAINOR, also known
as "Gunny" and "Geraldo Casimir," together with others, for the
purpose of maintaining and increasing position in the Six Tre
Folk Nation, an enterprise engaged in racketeering activity, did
knowingly and intentionally murder an individual, to wit: Anthony
Thomas, in violation of New York Penal Law Sections 125.25(1) and
20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2
and 3551 et seq.)

### COUNT SEVEN
(Unlawful Use of a Firearm)

36.   On or about August 9, 2008, within the Eastern
District of New York, the defendant GERALDO ELAINOR, also known
as "Gunny" and "Geraldo Casimir," together with others, did

knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT EIGHT
(Assault with a Dangerous Weapon In-Aid-Of Racketeering)

37.   The allegations contained in paragraphs one through five and thirty and thirty-one are realleged and incorporated as if fully set forth in this paragraph.

38.   On or about June 30, 2010, within the Eastern District of New York, the defendant JAMAL LAURENT, also known as "Tails" and "Gunner," together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #3, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT NINE
### (Unlawful Use of a Firearm)

39.   On or about June 30, 2010, within the Eastern District of New York, the defendant JAMAL LAURENT, also known as "Tails" and "Gunner," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
### (Assault with a Dangerous Weapon In-Aid-Of Racketeering)

40.   The allegations contained in paragraphs one through five and thirty and thirty-one are realleged and incorporated as if fully set forth in this paragraph.

41.   On or about September 13, 2008, within the Eastern District of New York, the defendants DEVON RODNEY, also known as "D-Bloc," and RALIK ODOM, also known as "Ra-Ra" and "Rahleek Odom, together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise that was engaged in racketeering activity, did knowingly and intentionally assault an individual, to wit: John Doe #7, an

individual whose identity is known to the Grand Jury, with a
dangerous weapon, to wit: a firearm, in violation of New York
Penal Law Sections 120.05(2) and 20.00.

 (Title 18, United States Code, Sections 1959(a)(3), 2
and 3551 et seq.)

### COUNT ELEVEN
(Unlawful Use of a Firearm)

 42.  On or about September 13, 2008, within the Eastern
District of New York, the defendants DEVON RODNEY, also known as
"D-Bloc," and RALIK ODOM, also known as "Ra-Ra" and "Rahleek
Odom," together with others, did knowingly and intentionally use
and carry a firearm during and in relation to a crime of
violence, to wit: the crime charged in Count Ten, and did
knowingly and intentionally possess said firearm in furtherance
of such crime of violence, which firearm was brandished and
discharged.

 (Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551
et seq.)

### COUNT TWELVE
(Conspiracy to Murder In-Aid-Of Racketeering)

 43.  The allegations contained in paragraphs one
through five and thirty and thirty-one are realleged and
incorporated as if fully set forth in this paragraph.

44.   In or about and between October 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DEVON RODNEY, also known as "D-Bloc," together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise that was engaged in racketeering activity, did knowingly and intentionally conspire to murder an individual, to wit: an associate of the President Street Crew, known as "Specs," located in Brooklyn, New York, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTEEN
### (Unlawful Use of a Firearm)

45.   In or about and between October 2008 and November 2008, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DEVON RODNEY, also known as "D-Bloc," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Twelve, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Hobbs Act Robbery Conspiracy)

46.   In or about and between January 2009 and August
2011, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants DEVON
RODNEY, also known as "D-Bloc," HAILE CUMMINGS, also known as
"Ruger" and "Rugah,"  RICKY HOLLENQUEST, also known as "Dancer,"
JAMAL LAURENT, also known as "Tails" and "Gunner," and RALIK
ODOM, also known as "Ra-Ra" and "Rahleek Odom," together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce, and the movement of articles and
commodities in commerce, by robbery, to wit: the robbery of
employees of jewelry stores in New York, New Jersey and
Connecticut.

        (Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

## COUNT FIFTEEN
(Hobbs Act Robbery Conspiracy)

47.   In or about and between June 2010 and October
2010, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants RICKY
HOLLENQUEST, also known as "Dancer," and JAMAL LAURENT, also
known as "Tails" and "Gunner," together with others, did
knowingly and intentionally conspire to obstruct, delay and
affect commerce, and the movement of articles and commodities in

commerce, by robbery, to wit: the robbery of individuals solicited over the internet via Craigslist.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT SIXTEEN
(Unlawful Use of a Firearm)

48.   In or about and between June 2010 and October 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RICKY HOLLENQUEST, also known as "Dancer," and JAMAL LAURENT, also known as "Tails" and "Gunner," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Fifteen, and did knowingly and intentionally

23

possess said firearms in furtherance of such crime of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2009R00381

FORM DBD-34

JUN. 85

*No.*  *11-CR-303 (S-2) (NGG)*

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL  DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*Devon Rodney, Yassa Ashburn, Haile Cummings, Geraldo Elainor, Daniel Harrison, Ricky Hollenquest, Jamal Laurent, Trevelle Merritt and Ralik Odom*

Defendants.

## SUPERSEDING INDICTMENT

( T.18, U.S.C.,  §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 1951(a), 1959(a)(1), 1959(a)(3), 1959(a)(5), 1962(c), 1962(d), 1963, 2 and 3551 et seq.)

*A true bill.*

*Foreman*

*Filed in open court this _ _ _____ day,*

*of _____ A.D. 20 _____*

*Clerk*

*Bail, $ _____*

*Zainab Ahmad, Assistant U.S. Attorney (718) 254-6522*