The Law Office of
# James M. Branden
551 Fifth Avenue  
New York, New York 10176  
Tel. 212-286-0173  
Fax 212-286-0495

July 15, 2014

Hon. Nicholas G. Garaufis  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

                      Re:   United States v. Geraldo Elainor  
                              Cr. Docket No. 11-303 (NGG)

Dear Judge Garaufis:

    I represent Mr. Elainor in the above-referenced matter. On April 3, 2014, Mr. Elainor pleaded guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties have agreed that the appropriate sentence is 25 years' imprisonment and five years' supervised release.

    I have reviewed the presentence report with Mr. Elainor. I note the following:

| Page | Paragraph | Comment |
|---|---|---|
| 3 | | As to the status of other defendants, Devon Rodney was sentenced to 20 years' imprisonment. |
| 5 | 7 | Though it is true that the members made weekly contributions, the money was not explicitly for the purchase of firearms. |
| 9 | 25 | The appropriate guideline should be 2A1.2, pertaining to murder in the second degree, resulting in a base offense level of 38. |
| 12 | 55 | 38 (as per comment directly above) |
| 12 | 56 | 1 |
| 12 | 57 | 39 |
| 12 | 58 | 39 |

| | | |
|---|---|---|
| 12 | 61 | 36 |
| 13 | 63-64 | Mr. Elainor recalls that he was sentenced on the same date for these offenses. |
| 13-14 | 63-66 | All of Mr. Elainor's priors were committed while he was a member of the Six Tre Folk Nation. As a result, they do not contribute to his criminal history category (USSG §4A1.2(a)(1)). |
| 15 | 67 | The criminal history score is 0. |
| 15 | 68 | The criminal history category is I. |
| 15 | 69 | The defendant is not a career offender. |
| 19 | 96 | Were it agreed that Mr. Elainor is in criminal history category I, his guildeline range is 188-235 under count one. His guideline range is 120 months under count seven. Were he found to be a career offender, the relevant guideline range is 440-525 months, not 480 to life. |
| 20 | 109 | The murder in question was dated 8/9/08 and, as such, it could not have been committed while Mr. Elainor was on bail from his 9/10/08 arrest. |

***

Apart from the above comments, it is important for the Court to know that Mr. Elainor was "jumped in" to the Six Tre Folk Nation when he was 15 years old, around the time he quit school, having had an impoverished and tumultuous upbringing. The two prior robbery convictions (one was deemed a youthful offender adjudication), were relatively minor and at the young age of 18. As to the recent conviction for criminal possession of a weapon (PSR at 14, ¶66), Mr. Elainor was 21 at the time of the offense. The State Court imposed a sentence of five years' imprisonment, explicitly to run concurrently with the anticipated imposition of a 25-year term of imprisonment for the instant offense. That court had been made well aware of the circumstances of this case. I know of no reason, and the Probation Office has offered none (see PSR at 14, ¶66), why this Court should second guess that one. As such,

pursuant to USSG §5G1.3, the sentence imposed here should be ordered to run concurrently with the State sentence.

To the extent the Court is concerned about hierarchical sentencing for the defendants, it merits noting that co-defendant Rodney, the only defendant to be sentenced to date, received a term of imprisonment of 20 years. Unlike Mr. Elainor, who was a low-level member, with no disciplinary authority or say-so with regard to the group's criminal activities, Rodney was characterized in the presentence report as Ashburn's "deputy," and when Ashburn was imprisoned in 2009, he "assumed control of the group" and "directed the group's violent activities," including murder (PSR at 5, ¶8). As such, a sentence of 25 years' imprisonment for Mr. Elainor is by no means comparatively lenient or in any way inappropriate.

Last, Mr. Elainor was the first (and so far only) of the "murder defendants" to plead guilty in this case. Though not a cooperating witness, it should be recognized that he has made affirmative efforts to resolve this matter for all defendants, which would obviously save the government and the Court precious time and other resources. Indeed, both before and even after his guilty plea, he has requested and participated in meetings with his co-defendants in an effort to resolve matters favorably for both sides.

At the time of the guilty plea the Court indicated that it was likely to abide by the parties' agreement to a term of imprisonment of 25 years. As such, this letter is not fully comprehensive. To the extent the Court is somehow now disinclined to sentence in accordance with the parties' agreement, I request a further opportunity to address the Court in writing.

                                        Respectfully submitted,

                                        James M. Branden