

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| AB:LAB | *271 Cadman Plaza East* |
| F. #2022V01361 | *Brooklyn, New York 11201* |

July 11, 2022

By ECF

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Geraldo Elainor
      Criminal Docket No. 11-303 (NGG)

Dear Judge Garaufis,

  The government respectfully submits this letter response in opposition to petitioner Geraldo Elainor's petition, pursuant to 28 U.S.C. § 2255, to vacate his conviction on Count Seven, charging him with a violation of 18 U.S.C. § 924(c)(1)(A)(iii). See ECF No. 632 ("Petition"). [1]

  The defendant was charged in a 21-count Superseding Indictment on November 15, 2012. ECF No. 71, Gov't Ex. A, Superseding Indictment ("Indictment"). On April 3, 2014, the defendant pleaded guilty to two counts of the Indictment, including: Count One and Count Seven. Count One was for racketeering, in violation of 18 U.S.C. § 1962(c), with predicate racketeering acts of (1) conspiracy to commit murder, in violation of New York Penal Law Sections 125.25(1) and 105.15 and (2) the murder of Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00. Count Seven was for using and carrying a firearm in connection with a crime of violence, specifically, the murder in-aid-of racketeering charge alleged in Count Six of the Indictment, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). See Elainor Plea Agreement, Gov't Ex. B ("Plea"); Plea Transcript, Gov't Ex. C ("Tr.") at 20:24-25, 21:1-6. On July 18, 2014, the Court sentenced the defendant to 180 months' imprisonment on Count One and 120 months' imprisonment on Count Seven to run consecutively and a term of five years'

---

  [1] Pagination used herein refers to ECF pagination where applicable.

supervised release on each count to run concurrently. See ECF No. 165 at 2-3, Elainor Judgment ("Judgment").

For the foregoing reasons, the defendant's Petition must be denied because (1) there is no legal basis to vacate his conviction on Count Seven; (2) he waived his right to challenge his conviction pursuant to the terms of the plea agreement he entered knowingly and voluntarily; and (3) he procedurally defaulted by not raising his claim sooner or establishing actual cause, prejudice, or his innocence.

I.  Background

   a. Criminal Conduct

The defendant was a member of the Six Tre Outlaw Gangsta Disciples Folk Nation set ("Six Tre"). Pretrial Sentencing Report ("PSR") ¶ 6. The Six Tre operated in the Ebbets Field housing projects in the Flatbush area of Brooklyn for several years. Id. From approximately 2007 through 2011, the Six Tre members were responsible for gang-related violence, including homicides, non-fatal shootings and commercial robberies both in and around Flatbush and elsewhere. Id.

At the time of the relevant conduct, Six Tre gang members considered themselves at war with the Crips, another gang, specifically the President Street Crew and the Vanderveer Eight Tre Crips. Id. at 9. In furtherance of this "war," the defendant and other members of the gang agreed to kill Crips members. Id. The Six Tre did not limit their violence towards members of the Crips. Id. at 11. They routinely took threatening and violent actions to deter residents of the Ebbets Field housing development from associating with members of any other gangs. Id.

On August 9, 2008, Anthony Thomas, a Bloods gang member, was exercising in the Ebbets Field playground with his cousin when the defendant approached and began firing at him. Id. The defendant chased Thomas as he ran away and continued shooting at him, hitting him once in the chest. Id. Thomas eventually reached the parking lot of a nearby McDonalds, where he collapsed and died of his wound. Id.

   b. Charging History

On November 15, 2012, a grand jury in the Eastern District of New York returned a 21-count indictment against the defendant and eight other co-conspirators. The indictment charged them with racketeering (Count One); racketeering conspiracy (Count Two); unlawful use of firearms (Counts Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, Eighteen, Twenty); murder-in-aid of racketeering (Counts Four, Six, Eight); assault with a dangerous weapon in-aid-of racketeering (Counts Ten, Twelve); conspiracy to murder in-aid-of racketeering (Count Fourteen); Hobbs Act robbery conspiracy (Counts Sixteen, Seventeen); Hobbs Act robbery (Count Nineteen); and causing death through use of a firearm (Count Twenty-One). See Indictment. The defendant was named in Count One, Racketeering Acts One and Three thereunder, and Counts Two, Six, and Seven.

c. Plea and Sentencing

On April 3, 2014, the defendant pleaded guilty to Count One and Count Seven of the Indictment. See Plea § 1; Tr. at 20:24-25, 21:1-6. Count One was for racketeering in violation of 18 U.S.C. § 1962(c), with predicate racketeering acts of (1) conspiracy to commit murder, in violation of New York Penal Law Sections 125.25(1) and 105.15 and (2) the murder of Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00. Id. Count Seven was for using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Id. Count Seven was tied to Count Six[2] of the Indictment, murder in-aid-of racketeering, for the murder of Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00. Indictment ¶¶ 34-36.

During his guilty plea, the defendant admitted to the following:

In between 2008 and 2011, I was associated with the Six [Tre] Folk Nation and participated in a pattern of racketeering activities, including an agreement to kill a member of the Crips Gang, the murder of Anthony Thomas on 8/9/2008. As part of the murder of Anthony Thomas, I possessed and discharged a gun. This occurred in Brooklyn.

Tr. at 22:10-15.

In the course of the plea, the defendant confirmed for the court that he understood the elements of the crimes he was pleading to. Tr. at 9:4-9. He also stated that he was entering the plea of his own free will. Tr. at 21:7-12.

The plea agreement included an agreed upon sentence of 300 months' imprisonment and 5 years' supervised release. Plea § 2. Pursuant to the agreement, the defendant agreed not to "file an appeal or otherwise challenge by motion pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that that the Court imposes a term of imprisonment of 300 months." Id. § 3.

At the plea hearing, the defendant stated on the record that he understood his rights and obligations under the agreement. Tr. at 13:16-18. The defendant also acknowledged that he understood that he was agreeing to a sentence of 300 months' imprisonment for Count One and Count Seven and five years' supervised release. See Tr. at 18:14-20:10. He was told and confirmed that he understood that pursuant to the plea agreement his appeal rights would be limited to appealing his sentence only if the court committed an error, if he was sentenced to the agreed upon range in the plea. Id. at 11:10-24, 18:14-25, 19:2-25, 20:1-10.

---

[2] Count Six alleged that "On or about August 9, 2008, within the Eastern District of New York, the defendant GERALDO ELAINOR . . . together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00." Indictment ¶ 35.

3

On July 18, 2014, the court imposed a sentence of 300 months' and five years' supervised release. See Judgment.

II.  Argument

   a. The Basis for the Defendant's Petition

The defendant's Petition asserts that his conviction under 18 U.S.C. § 924(c)(1)(A)(iii) must be vacated. His Petition fails for three reasons.

First, the defendant argues that his conviction for Count Seven, under Section 924(c), is invalid because the predicate of second degree murder under New York law cannot support a 924(c) conviction. Petition at 5. The defendant mistakenly asserts in support of his argument that he was convicted of second degree murder under New York Penal Law Section 125.25(2). Id. Based on this mistaken assertion, he claims that his in-aid-of-racketeering murder offense is an invalid predicate because it may be committed recklessly, citing Borden v. United States, 141 S. Ct. 1817 (2021). Id. The defendant is wrong. He was actually convicted of committing a violent crime in-aid-of-racketeering, specifically murder under New York Penal Law Section 125.25(1), which requires proof of intentional murder.[3] Plea § 1; Tr. at 8:11-15, 22:10-25, 23:1. Intentional murder is a valid predicate for a Section 924(c) conviction as it has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[4]

Second, the defendant argues that he did not waive his right to collaterally challenge his Section 924(c) conviction because in his plea, he agreed only not to collaterally challenge his sentence, not his conviction. Petition at 6. As a result, he states that he is legally able to challenge his Section 924(c) conviction. Id. The defendant's argument fails because he waived his right to appeal or collaterally challenge his Section 924(c) conviction provided he was sentenced within the agreed upon range of 300 months' imprisonment and five years' supervised release. Plea § 3; see Tr. at 19:2-25, 20:1-10. The record shows that the defendant's waiver of his right to appeal was knowing and voluntary. Because the Court imposed a sentence of 300 months' imprisonment and five years' of supervised release, the sentence recommended in the plea, the defendant is bound to his agreement and has waived his right to challenge his sentence. The defendant's conviction and sentence should stand.

Third, the defendant has also procedurally defaulted on his claims by failing to raise his claims before the district court or on direct appeal. In order to save his claims, he would

---

[3] New York Penal Law Section 125.25(1) states, "A person is guilty of murder in the second degree when … with intent to cause the death of another person, he causes the death of such person or of a third person."

[4] In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court only held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Crimes of violence that satisfy Section 924(c)(3)(A), meaning crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" are valid predicate crimes of violence.

have to show either cause and prejudice or that he is actually innocent.  See DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998); Stinn v. United States, 856 F. Supp. 2d 531, 538 (E.D.N.Y. 2012).  As detailed herein, the defendant has failed to do so.

   b. Legal Standards

     i. Legal Standards Pertaining to 28 U.S.C. § 2255 Petitions

Title 28, United States Code, Section 2255 allows federal prisoners to challenge the constitutionality of their sentences.  Section 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  To qualify for relief under Section 2255, it is the defendant's burden to show "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.'"  Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

     ii. The Definition of A Crime of Violence Under Borden and Davis

In Borden, the case upon which the defendant relies, the Supreme Court held that a criminal offense requiring only a mens rea of recklessness cannot count as a "violent felony" under the Armed Career Criminal Act ("ACCA"), a statute not at issue here.  141 S. Ct. at 1825.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence."  18 U.S.C. § 924(c)(1)(A).  The statute defines a "crime of violence" as a felony offense that either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force[5] against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3)(B).  In Davis, the Supreme Court held that the definition of a "crime of violence" in Section 924(c)(3)(B) is unconstitutionally vague.  139 S. Ct. at 2326-27.  Thus,

---

[5] Although the Supreme Court has not directly considered the meaning of "physical force" in Section 924(c)(3)(A), it has interpreted "physical force" in analogous contexts to require "force capable of causing physical pain or injury."  Johnson v. United States, 559 U.S. 133, 140 (2010).

Davis does not disturb Section 924(c) cases involving crimes that qualify as predicate offenses under the definition of a "crime of violence" in Section 924(c)(3)(A).

    c. The 924(c) Count is Predicated on Intentional Murder in-aid-of Racketeering, which is a Crime of Violence under Section 924(c)(3)(A)

The defendant's conviction under Count Seven is proper under the applicable law. As a threshold matter, Borden, the case cited by the defendant, is not relevant. The underlying offense in Borden required a lesser level of mental culpability than the one in this case. In Borden, the Supreme Court held that offenses with a mens rea of recklessness do not qualify as violent felonies under ACCA. 141 S. Ct. at 1825. Here, the defendant pleaded guilty to murder in the second degree under New York Penal Law Section 125.25(1), which requires the actor to have intent to cause the death of another person. N.Y. Penal Law § 125.25(1).

The Second Circuit has also held that a substantive violent crime in-aid-of-racketeering offense is a crime of violence for the purposes of Section 924(c) when predicated on at least one violent racketeering act. United States v. Pastore, 36 F.4th 423, 429 (2d Cir. 2022) (finding that attempted murder in violation of New York law is a valid predicate crime for a 924(c) conviction); United States v. Laurent, 33 F.4th 63, 88 (2d Cir. 2022) (finding that racketeering offenses are crimes of violence "when the defendant is charged under a predicate that is a crime of violence"). While conspiracy to commit murder is not recognized as a crime of violence predicate, United States v. Capers, 20 F.4th 105, 119 (2d Cir. 2021), murder is. See Laurent, 33 F.4th at 89 (finding that murder tied to a racketeering act qualified as a crime of violence for 924(c) purposes); see also, e.g., Gray v. United States, 980 F.3d 264, 266 (2d Cir. 2020) (explaining that, where the petitioner's § 924(c) conviction was predicated on two separate offenses, the court may "focus on whether [one of the offenses] is a crime of violence" and, if so, the court "need not examine whether [the other offense] is [also] a categorical crime of violence").

Here, the defendant pleaded guilty to Count One (Racketeering) and Count Seven (Unlawful Use of a Firearm in Connection with a Crime of Violence). See Plea § 1. The underlying predicate for Count Seven was intentional murder in-aid-of-racketeering, specifically, the murder of Anthony Thomas, in violation of New York Penal Law Section 125.25(1) and 20.00. Id. The defendant stated during his plea that in furtherance of his racketeering activities, he both conspired to kill a member of the Crips and murdered Anthony Thomas. Tr. at 22:10-15. His admission to murder is a sufficient crime of violence predicate for the purpose of upholding the defendant's Section 924(c)(A)(iii) conviction. See, e.g., Stone v. United States, 2022 WL 2203612 (2d Cir. June 21, 2022) (affirming that murder in-aid-of-racketeering under N.Y.P.L. §125.25(1) is a crime of violence); United States v. Russell, No. 05-CR-401, 2018 WL 3213274, at *3, n.4 (E.D.N.Y. June 29, 2018) (finding that murder in-aid-of-racketeering was a violent crime for the purposes of a § 924(c) conviction); Boykin v. United States, No. 16 CV 4185 (CM), 2020 WL 774293 (S.D.N.Y. Feb. 18, 2020) (upholding a § 924(c) conviction premised on conspiracy to murder and murder when both those predicate offenses were dismissed pursuant to a plea agreement but, as part of the plea, the defendant had admitted to participating in the murder). Thus, the defendant's conviction under Section 924(c)(A)(iii) is valid and should be upheld. See Pastore, 36 F.4th at 429; see also Bonilla v. United States, No. 07 CR 0097 (SJ),

2017 WL 8813076 (E.D.N.Y. Aug. 23, 2017) (denying petition where attempted murder in-aid-of racketeering was found to be a sufficient crime of violence to sustain a § 924(c) conviction).

    d. <u>The Defendant's Petition Also Fails Because the Defendant Has Waived His Right to Appeal and Has No Other Basis for An Appeal</u>

The defendant has no basis to appeal his conviction or sentence. As a threshold matter, he procedurally defaulted on his claim because he failed to assert this claim in proceedings before the district court or on direct appeal and has not shown either cause or prejudice or that he is actually innocent. His Petition also fails because the defendant waived his right to collaterally attack his sentence and conviction in his plea agreement. Tr. at 11:10-24, 18:14-25, 19:2-25, 20:1-10. The defendant is bound by his agreement and his Petition should be denied.

    i. <u>The Defendant Procedurally Defaulted on His Claim and Has Not Shown Cause and Prejudice or Actual Innocence</u>

A federal defendant who fails to assert a claim in proceedings before the district court or on direct appeal procedurally defaults on that claim and may raise the claim pursuant to a Section 2255 motion only if he shows either cause and prejudice or that he is actually innocent. See <u>DeJesus</u>, 161 F.3d at 102; <u>Stinn</u>, 856 F. Supp. 2d at 538. The defendant has failed to show prejudice because his Section 924(c) conviction, based on the predicate offense of murder in-aid-of racketeering, is unaffected by <u>Borden</u>.

Nor has defendant established that he is actually innocent of his charges or that there is an alternate basis for his Petition to stand. Moreover, by accepting the plea agreement and pleading guilty, the defendant received a more favorable disposition as compared to the sentencing exposure he face if convicted at trial. The maximum term of imprisonment for Counts One and Seven were both life terms. See Plea at 1-2. Further, if the defendant wants to prevail on an actual innocence argument, he must show that as to all charges, even as to those to which he did not plead, which he has not done. See <u>Bousley v. United States</u>, 523 U.S. 614, 624 (1998) ("In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges.")

    ii. <u>The Defendant Waived His Right to Collaterally Attack His Conviction</u>

The record is clear that the defendant waived his right to appeal or to challenge his sentence and conviction provided it fell within the agreed upon range of the plea. Plea §§ 2-3; Judgment. Courts "interpret plea agreements according to principles of contract law." <u>United States v. Salcido-Contreras</u>, 990 F.2d 51, 52 (2d Cir. 1993). A "defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." <u>Sanford v. United States</u>, 841 F.3d 578, 580 (2d Cir. 2016). A "defendant's 'inability to foresee [a change in the law] does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" <u>Id.</u> (internal citations and quotations omitted).

For example, in United States v. Pipitone, 67 F.3d 34 (2d Cir. 1995), the Second Circuit expressly rejected a habeas petitioner's attempt to challenge his sentence of 63 months where he had agreed, pursuant to his plea agreement, not to challenge a sentence shorter than 78 months. 67 F.3d at 39; Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (affirming district court's denial of § 2255 petition on the ground that petitioner had waived right to attack his sentence collaterally pursuant to plea agreement). Because the Court imposed a sentence of 300 months' and five years' supervised release, the sentence recommended in the plea, the defendant is bound to his agreement and has thus waived his right to challenge his sentence and conviction. Plea §§ 2-3; Judgment. The defendant makes no claim that his waiver was not knowing or voluntary and, indeed, the transcript of his plea hearing shows that his collateral review waiver was knowing and voluntary. Accordingly, the defendant's Petition must be denied if plea agreements are to have any force in this District.

III. Conclusion

For the reasons set forth above, the Court should deny the Petition.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Lauren A. Bowman
Lauren Bowman
Assistant U.S. Attorney
(718) 254-6047

cc: Defendant (via Certified Mail)
Counsel of Record (via ECF)