United States District Court
Eastern District of New York



| Geraldo Elainor | 1:11-CR-00303-NGG |
| v. | ECF No. 632 |
| United States Of America | |

Motion Pursuant To F.R.Civ.P.
60(b)(4)(Void Judgment)

I. Rule 60(b)(4)

Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a type of jurisdictional error (subject-matter jurisdiction) or on a violation of due process that deprives a party of notice or the opportunity to be heard. Irvin v. Harris, 944 F.3d 63, n.8 (2nd Cir. 2019). It may also attack a defect in the integrity of the federal habeas proceedings, such as fraud on the court. Gonzalez v. Crosby, 545 U.S. 524, 531-532, 125 S.Ct. 2641, 162 L. Ed. 2d 480 (2005).

When the court considers a 60(b)(4) motion a defferential standard of review will not be applied because if the under-

1 of 11

lying judgment is void, as the movant argues in this case, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4). Irvin, 944 F.3d at 68. Indeed, Rule 60(b)(4) is unique because relief is not discretionary and a meritorious defense is not necessary. Id. Rule 60(b)(4) provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances noted above. Id. at n.6. In this case, it was per se abuse of discretion for the District Court to deny Mr. Elainor's Motion To Vacate pursuant to 28 U.S.C. § 2255 because the underlying judgment, that the § 2255 attacked, was void for lack of subject-matter jurisdiction.

II. Subject-Matter Jurisdiction

Subject-Matter jurisdiction defines the court's authority to hear a given type of case, United States v. Morton, 104 S. Ct. 2769, 81 L. Ed. 2d 680, 467 U.S. 822, 828 (1984), and Congress bestows that authority on lower courts by statute. Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34 (2019) ("the district court may not exercise jurisdiction absent a statutory basis."). For federal crimes, Congress did so in 18 U.S.C. § 3231, providing district courts with "original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

In order to sustain a challenge to the district court's jurisdiction, the defendant who has plead guilty must establish that the face of the indictment discloses that the count(s) to which he plead guilty failed to charge a federal offense. Hoyle v. United States, 815 F.2d 879, 881 (2nd Cir. 1987)(citations omitted). That is exactly the circumstance in this case as shall be shown next.

III. The Indictment

The defendant was named in a 21-count superseding indictment with eight other codefendants. Electronic Case File (ECF) No. 71. Mr. Elainor was charged with four (4) Counts: Count One (Racketeering in violation of 18 U.S.C. §1962(c)), consisting of Racketeering Activity Acts One (Conspiracy to Murder) and Three (Murder of Anthony Thomas); Count Two (Racketeering Conspiracy in violation of 18 U.S.C. §1962(d)); Count Six (Murder In-Aid-Of Racketeering in violation of 18 U.S.C. §1959(a)(1), 2 and §3551 et seq.); and Count Seven (Unlawful Use of a Firearm in Violation of 18 U.S.C. §924(c)(1)(A)(i)-(iii), 2 and §3551 et seq.).

On April 4, 2014, the defendant pleaded guilty to Count One and Count Seven of the Indictment. See Plea §1; Tr. at 20:24-25, 21:1-6. Mr. Elainor was charged in Count One with "knowingly and intentionally conducted and participated directly and indirectly, in the conduct of the affairs of the Six Tre Folk Nation through

a pattern of racketeering activity, as that term is defined in Title 18 United States Code, Sections 1961(1) and 1961(5), consisting of racketeering acts set fourth below." See Superseding Indictment (S.I.) at 5, (ECF# 638-1). The first racketeering act(s) charged is "conspiracy to murder... in violation of New York Penal Law Sections 125.25(1) and 105.15. Id.

"Pattern of racketeering activity" is defined in 18 U.S.C. §1961(5) as "requires at least two acts of racketeering activity...." 18 U.S.C. §1961(5). Racketeering Activity is defined in 18 U.S.C. §1961(1)(A)-(G). Most notably is that nowhere in §1961(1)(A)-(G) does it list "conspiracy" to violate a state or federal law. "Conspiracy" is not a racketeering activity in §1961(1). See also Guzowski v. Hartman, 969 F.2d 211, 214-16 (6th Cir. 1992). That being the case, than the government nor the court had subject-matter jurisdiction to prosecute, convict, nor sentence Mr. Elainov on Count One therefore, Count One should have been vacated. Count Two, racketeering conspiracy pursuant to §1962(d) would also have to be vacated if Mr. Elainov had been convicted of it because it was based on the same two alleged racketeering acts (conspiracy to murder and murder). See S.I. at 12-13.

Section 1962(d) states: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a)(b) or (c) of this section." 18 U.S.C. §1962(d). Subsection (c) states: "It shall be unlawful for any person employed by or associated with any enter-

prise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate directly or indirectly in the conduct of such enterprises affairs through a pattern of racketeering activity' or collection of unlawful debts." 18 U.S.C. §1962(c). And, as noted above, conspiracy is not an actionable predicate act listed in §1961(1)(A)-(G). RICO conspiracy claim necessarily fails where the underlying substantive claim(s) fails. First Capital Asset Mgmt. v. Satinwood, Inc., 385 F.3d 159, 181 (2nd Cir. 2004). If "conspiracy" was listed in §1961(1)(A)-(G) than §1962(d) would make no sense because it would have to read: "It shall be unlawful for any person to conspire to conspire..."

Count Six is also void. Count Six charged Elainor with Murder-In-Aid of Racketeering in violation of 18 U.S.C. §1959 (a)(1) which states: "Whoever, as consideration for the receipt of, or as [considering] consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining enterance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any state[s] or the United States, or attempts or conspires so to do, shall be punished-." Second Circuit law is clear that the statutory language of §1962(c), of which §1959(a) is patterned after, as far as the definition of

"enterprise" is concerned, (see §1959(b)(2)), requires that the RICO "person" generally must be separate and distinct from the enterprise. See, e.g., Bennett v. United States Trust Co., 770 F.2d 308, 315 (2nd Cir. 1985), cert. denied, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); See also, Landry v. Air Line Pilot Ass'n International AFL-CIO, 901 F.2d 404, 425 (5th Cir. 1990); Guzowski v. Hartman, 969 F.2d 211, 215-16 (6th Cir. 1992); See also §1962(c) supra.

In other words, to establish liability under §1962(c), §1959(a) and (b) one must allege and prove the existence of two distinct entities: (1) a "person" and (2) an "enterprise" that is not simply the same "person" referred to by a different name. U1 IT4 Less, Inc. v. FedEx Corp., 871 F.3d 199, 205 (2nd Cir. 2017). An entity can be sued as a RICO "person" or named as a RICO "enterprise", see 18 U.S.C. §1961(3)(4), but the same entity cannot be both the RICO person and the enterprise. Id.

Mr. Elainor and his co-defendants were not charged with being separate and distinct from the enterprise as required by §1959(a) and (b), §1962(c) and Supreme Court and Second Circuit precedent, they were charged with being the enterprise. See ECF #638-1 at 2. Specifically, Mr. Elainor and his codefendants were charged with being "members of the Six Tre Folk Nation." Id. The word "member" is defined as: "any of the persons composing [making up; constituting or forming] a group or organization." Random House Dictionary.

The Second Circuit's holding in FedEx Corp. comports with the Supreme Court's decision in Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001). There Court held that the alleged natural RICO "person," the boxing promoter Don King, was distinct from Don King Productions, the alleged RICO corporate "enterprise," of which Don King, was president, sole share holder, and employee. 533 U.S. at 160, 163. King allegedly conducted the affairs of Don King Productions, through a pattern of racketeering activities consisting of fraud and other RICO predicate crimes. Id. at 160-161. In concluding that Don King and Don King Productions were distinct, however, the Supreme Court emphasized that its holding was limited to the circumstances in which a corporate employee unlawfully conducts the affairs of the corporation of which he is the sole owner whether he conducts those affairs within the scope, or beyond the scope of corporate authority. Id. By contrast, Mr. Elainor did not have any ownership in Six Tre Folk Nation less known being the sole owner.

Mr. Elainor pled guilty to specific conduct (Racketeering, etc.) that the Second Circuit has determined does not state a cause of action pursuant to 18 U.S.C. §1959(a) and (b) or §1962(c) nor (d) because he was not separate and distinct from the enterprise (see Bennett, 770 F.2d at 315 supra). This idea comes from the principle that a person cannot conspire with himself. See Guzowski, 969 F.2d at 13-16.

Count Seven is also void. Title 18 United States Code, Section

924(c) is not a stand alone charge. The Count charged: "Geraldo Elainov... did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged." ECF #638-1 at 16-17. Count Six charged murder In-Aid-Of Racketeering in violation of 18 U.S.C. § 1959(a)(1) et. seq.. Since Count Six is void because the Indictment did not distinguish Mr. Elainov from the enterprise and Count One is void for the same reason in addition in addition to there being no such crime as "conspiracy to murder" listed in § 1961(1)(A)-(G), (Count Two Conspiracy pursuant to § 1962(d) would also have failed because the underlying substantive count(s) failed).

As a result, the underlying Judgment in Petitioner's Motion To Vacate pursuant to 28 U.S.C. § 2255 is void because the Court never had subject-matter jurisdiction therefore, this Court should reopen the § 2255 proceeding, grant the motion to vacate and dismiss the case against Mr. Elainov for lack of subject-matter jurisdiction because those very allegations in the Indictment affirmatively negated that Elainov committed the federal offenses he was charged with. The government's proof of the alleged conduct, no matter [how] overwhelming, would bring it no closer to showing the crimes charged than would no proof at all. The problem is not that the government failed

to allege a fact or an element that would have made the Indictment's criminal charges complete as it pertains to Mr. Elainor. Instead, it is that the government affirmatively alleged a specific course of conduct that is outside the reach of the RICO statutes. Importantly, Mr. Elainor's innocence of the charged offenses appears from the very allegations made in the Superseding Indictment, not from the omission of an allegation requisite to liability.

There is a critical distinction between mere "indictment omissions" which are non-jurisdictional defects, and "the affirmative allegation of specific conduct that is not prescribed by the charging statute," which is a jurisdictional defect. United States v. Peters, 310 F.3d 709, 714 (11 Cir. 2002). Put differently, there is no jurisdictional defect when the indictment fails to allege an element of the charged offense but there is one when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute. Id.

Another case in which a court found a jurisdictional indictment defect further demonstrate this point. In United States v. Meacham, 626 F.2d 503 (5 Cir. 1980), the indictment charged a conspiracy to attempt to import marijuana, but there was no such "conspiracy to attempt" offense enacted in the United States Code. Id. at 509-10. Because the Meacham indictment contained affirm-

ative allegations of conduct that was not a crime against the laws of the United States, the indictment did not invoke the district court's jurisdiction to enter judgment or accept a guilty plea. Id. The Meacham case is precisely on point with Mr. Elainor's case.

IV. Conclusion

Mr. Elainor was charged in the Indictment with Conspiracy to Murder as being one of the two predicate acts required to be charged under 18 U.S.C. §1962(c) and §1961(1)(A)-(G) however, there is no such predicate act of "Conspiracy to murder" listed in §1961(1)(A)-(G), therefore, the district court did not have subject-matter jurisdiction to enter a judgment or accept a plea to Count One. Since the substantive Count One is void than Count Two, "Conspiracy" to violate §1962(c) is per se void as noted above if Mr. Elainor had been convicted of it. Count Six is void because Mr. Elainor was not distinguished from the enterprise, Six Tre Folk Nation, he and his codefendants were charged with being the enterprise, the conduct of which falls outside the sweep of the RICO statutes of 18 USC §1959(a)(1) and §1962(c). Second Circuit precedent is clear that Mr. Elainor and his codefendants could be charged with either being the enterprise or Mr. Elainor could be charged with being the RICO person separate and distinct from the enterprise but, he could not be both. The affirmative allegation of specific conduct

charged against Mr. Elainor in the Superseding Indictment is not prescribed by the charging statute and therefore, is a jurisdictional defect which voids the judgment of conviction.

That being the case than the Court per se abused it's discretion when it denied movants Motion To Vacate pursuant to § 2255 because there was a defect in the habeas proceeding and counsel was ineffective (Cronic violation) for not raising these issues, not putting the prosecution's case to meaningful adversarial testing and thus, abandoning the defense at a critical stage of the procceding. U.S. v. Cronic, 466 U.S. at 658-59.

This Court should reopen the §2255 proceeding, grant the Motion To Vacate and dismiss the case against Mr. Elainor for lack of subject-matter jurisdiction.

I solemnly affirm under penalty of perjury that the above statements and claims are true, right, accurate, and correct to the best of my knowledge and belief so help me God and that I mailed this Rule 60(b)(4) motion to the court with prepaid postage by depositing it to institutional mail by staff members.
Sign: Ginaldo Elainor　　　　　　　　　Date: 11/30/2023

Name Geraldo Elainor
Reg. No 79968-053   Unit 2B
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635

**CERTIFIED MAIL**

7022 2410 0001 0521 5512

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ DEC 04 2023
BROOKLYN OFFICE

USMS



"Legal/Special Mail Do Not Open"

11201-183299

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Retail 

U.S. POSTAGE PAID
FCM LETTER
PINE KNOT, KY 42635
DEC 01, 2023

$0.00

R2305K140622-01

RDC 99