

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NEM:SMS
F. #2024V00152

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 26, 2024

<u>By ECF</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   United States v. Geraldo Elainor
             <u>Criminal Docket No. 11-303 (NGG)</u>

Dear Judge Garaufis:

      The government respectfully submits this letter response in opposition to defendant Geraldo Elainor's <u>pro se</u> motion pursuant to Federal Rule of Civil Procedure 60(b)(4) to set aside the "denial" of his previously filed petition to vacate the judgment against him pursuant to 28 U.S.C. § 2255. <u>See</u> ECF No. 674 (the "Motion").[1]

      On November 15, 2012, the defendant was charged in a 21-count Superseding Indictment. ECF No. 71, Gov't Ex. A, Superseding Indictment (the "Indictment"). On April 3, 2014, the defendant pleaded guilty pursuant to a plea agreement to two counts of the Indictment: Count One and Count Seven. <u>See</u> Elainor Plea Agreement, Gov't Ex. B ("Plea"); Plea Transcript, Gov't Ex. C ("Tr.") at 20:24-25, 21:1-6. Count One charged the defendant with racketeering, in violation of Title 18, United States Code, Section 1962(c) and Count Seven charged with defendant with unlawful use of a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii). Under the plea agreement, the defendant agreed not to challenge the conviction or sentence if the Court imposed a term of imprisonment of 300 months, Plea ¶ 3, which the Court subsequently did on July 18, 2014. <u>See</u> ECF No. 165 at 2-3, Elainor Judgment ("Judgment").[2] On May 6, 2022, the defendant filed a habeas petition (the "Petition") challenging his conviction on Count Seven, but he subsequently moved to voluntarily dismiss the Petition, which the Court granted. <u>See</u> ECF Nos. 632, 641. The defendant thereafter filed the

---

      [1]     While the defendant claims that his § 2255 petition was denied, as noted below, the defendant moved to voluntarily dismiss that petition. <u>See</u> ECF No. 641. The Court granted that motion. <u>See</u> Minute Order, August 5, 2022.

      [2]     Pagination used herein refers to ECF pagination where applicable.

instant Motion, arguing that the "denial" of his Petition should be set aside because the District Court lacked subject-matter jurisdiction over his offenses of conviction.

The Motion must be denied because (1) the District Court had subject-matter jurisdiction over the charges in the Indictment to which the defendant pleaded guilty; (2) the defendant waived his right to challenge his conviction pursuant to the terms of the plea agreement into which he entered knowingly and voluntarily; and (3) Federal Rule of Civil Procedure 60(b)(4) is not an appropriate vehicle to challenge the defendant's underlying criminal conviction.

I.    BACKGROUND

   A. Criminal Conduct

The defendant was a member of the Six Tre Outlaw Gangsta Disciples Folk Nation set ("Six Tre"). Pretrial Sentencing Report ("PSR") ¶ 6. Six Tre operated in the Ebbets Field housing projects in the Flatbush area of Brooklyn for several years. Id. From approximately 2007 through 2011, Six Tre members were responsible for gang-related violence, including homicides, non-fatal shootings and commercial robberies both in and around Flatbush and elsewhere. Id.

At the time of the relevant conduct, Six Tre gang members considered themselves at war with the Crips, a rival gang, specifically the President Street Crew and the Vanderveer Eight Tre Crips. Id. at 9. In furtherance of this "war," the defendant and other Six Tre members agreed to kill Crips members. Id. Six Tre did not limit its' violence to members of the Crips. Id. at 11. They routinely took threatening and violent actions to deter residents of the Ebbets Field housing development from associating with members of any other gangs. Id.

On August 9, 2008, Anthony Thomas, a Bloods gang member, was exercising in the Ebbets Field playground with his cousin when the defendant approached and began firing at him. Id. The defendant chased Thomas as he ran away and continued shooting at him, hitting him once in the chest. Id. Thomas eventually reached the parking lot of a nearby McDonalds, where he collapsed and died. Id.

   B. Charging History

On November 15, 2012, a grand jury sitting in the Eastern District of New York returned a 21-count superseding indictment against the defendant and eight other co-conspirators. The indictment charged them variously with racketeering (Count One), in violation of 18 U.S.C. § 1962(c); racketeering conspiracy (Count Two), in violation of 18 U.S.C. § 1962(d); unlawful use of firearms (Counts Three, Five, Seven, Nine, 11, 13, 15, 18, 20), in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–924(c)(1)(A)(iii); murder-in-aid-of racketeering (Counts Four, Six, Eight), in violation of 18 U.S.C. § 1959(a)(1); assault with a dangerous weapon in-aid-of racketeering (Counts 10, 12), in violation of 18 U.S.C. § 1959(a)(3); conspiracy to commit murder in-aid-of racketeering (Count 14) in violation of 18 U.S.C. § 1959(a)(5); Hobbs Act robbery conspiracy (Counts 16, 17), in violation of 18 U.S.C.

2

§ 1951(a); Hobbs Act robbery (Count 19), in violation of 18 U.S.C. § 1959(a)(1); and causing death through use of a firearm (Count 21), in violation of 18 U.S.C. § 924(j)(1). See Indictment. The defendant was named in Count One, Racketeering Acts One and Three thereunder, and Counts Two, Six, and Seven.

    C. Plea and Sentencing

On April 3, 2014, the defendant pleaded guilty to Count One and Count Seven of the Indictment. See Plea ¶ 1; Tr. at 20:24-25, 21:1-6. Count One charged racketeering, in violation of 18 U.S.C. § 1962(c), with predicate racketeering acts of (1) conspiracy to commit murder, in violation of New York Penal Law Sections 125.25(1) and 105.15 and (2) the murder of Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00. Id.

Count Seven charged using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Id. Count Seven was tied to Count Six[3] of the Indictment, which charged murder in-aid-of racketeering, for the murder of Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00. Indictment ¶¶ 34-36.

During his guilty plea, the defendant admitted to the following:

In between 2008 and 2011, I was associated with the Six [Tre] Folk Nation and participated in a pattern of racketeering activities, including an agreement to kill a member of the Crips Gang, the murder of Anthony Thomas on 8/9/2008. As part of the murder of Anthony Thomas, I possessed and discharged a gun. This occurred in Brooklyn.

Tr. at 22:10-15.

During the plea hearing, the defendant confirmed for the Court that he understood the elements of the crimes he was pleading guilty to. Tr. at 9:4-9. He also stated that he was entering the plea of his own free will. Tr. at 21:7-12.

The plea agreement included an agreed upon sentence of 300 months' imprisonment and five years' supervised release. Plea ¶ 2. Pursuant to the agreement, the defendant agreed not to "file an appeal or otherwise challenge by motion pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that that the Court imposes a term of imprisonment of 300 months." Id. ¶ 3.

---

    [3]    Count Six alleged that "On or about August 9, 2008, within the Eastern District of New York, the defendant GERALDO ELAINOR . . . together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00." Indictment ¶ 35.

3

At the plea hearing, the defendant stated on the record that he understood his rights and obligations under the agreement. Tr. at 13:16-18. The defendant also acknowledged that he understood that he was agreeing to a sentence of 300 months' imprisonment for Count One and Count Seven and five years' supervised release. See Tr. at 18:14-20:10. He was told and confirmed that he understood that pursuant to the plea agreement his appeal rights would be limited to appealing his sentence only if the Court committed an error, if he was sentenced to the agreed upon range in the plea. Id. at 11:10-24, 18:14-25, 19:2-25, 20:1-10.

On July 18, 2014, the Court imposed a sentence of 300 months' and five years' supervised release. See Judgment.

### D. Collateral Challenge

On May 6, 2022, the defendant filed a petition seeking to vacate his conviction on Count Seven pursuant to 28 U.S.C. § 2255. See ECF No. 632 (the "Petition"). The defendant argued that his conviction for Count Seven was invalid and that he did not waive his right to collaterally challenge his conviction. On July 11, 2022, the government submitted a response to the Petition, arguing that not only was his conviction valid, but that the defendant had waived his right to challenge the conviction, and had also procedurally defaulted on his claims. See ECF No. 638.

On August 2, 2022, the defendant moved to voluntarily dismiss the Petition. See ECF No. 641. The defendant's motion conceded that the government's arguments with respect to his waiver of his ability to challenge his conviction were correct:

> Petitioner did not have a copy of his Plea Transcript or Plea Agreement and honestly thought or remembered incorrectly that he retained the right to challenge his conviction but not his sentence.
>
> Petitioner apologize to the Court and to the Government. It was not Petitioner's intent to violate the contract therefore, Petitioner request the Court to dismiss the Petition voluntarily.

Id.

On August 5, 2022, this Court entered an order granting the defendant's motion to voluntarily dismiss the Petition. See Minute Order, August 5, 2022. On December 4, 2023, the defendant submitted the instant Motion.

## II. ARGUMENT

The defendant's Motion asserts that the Court's "denial" of the Petition must be set-aside because the underlying judgment—his criminal conviction—was void for lack of subject-matter jurisdiction. On the merits, the Motion should be denied because the defendant is incorrect that the District Court lacked subject-matter jurisdiction over Counts One and Seven.

4

Motion at 2–10. Furthermore, the defendant waived his right to challenge his conviction, and Rule 60(b)(4) cannot be used to circumvent that waiver.

A. The District Court Had Subject-Matter Jurisdiction Over Counts One and Seven

"Federal courts have subject-matter jurisdiction over federal criminal prosecutions by virtue of 18 U.S.C. § 3231, which vests the district courts with the power to hear 'all offenses against the laws of the United States.'" United States v. Yousef, 750 F.3d 254, 259 (2d Cir. 2014). "In order to invoke a district court's jurisdiction, an indictment need only allege that a defendant committed a federal criminal offense at a stated time and place in terms plainly tracking the language of the relevant statute." United States v. Rubin, 743 F.3d 31, 38 (2d Cir. 2014) (collecting cases). "When such jurisdiction is established, a district court has authority to decide all other issues presented within the framework of the case, including whether to accept a guilty plea." Id.

Here, Count One and Count Seven of the Indictment invoked the District Court's jurisdiction by charging the defendant with offenses against the United States—racketeering, in violation of 18 U.S.C. § 1962(c), and using and carrying a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The Indictment also included details about when and where the federal criminal offenses occurred. See Indictment ¶¶ 6–25, 36. Accordingly, the District Court had subject matter jurisdiction to accept the defendant's guilty plea to Counts One and Seven of the Indictment.

With respect to Count One, the defendant incorrectly claims that the Court lacked subject matter jurisdiction because the first racketeering act charged in the Indictment—conspiracy to murder—is not among the "racketeering activity" enumerated in 18 U.S.C. § 1961(1). See Motion at 3–5. However, Section 1961(1)(A) broadly provides that "racketeering activity" includes "any act or threat involving murder." (emphasis added). In light of that far-reaching language, the Court of Appeals has squarely held that "conspiracy to murder in violation of New York's Penal Law §§ 125.25 and 105.15 is an 'act involving' murder and therefore may constitute 'racketeering activity' within the meaning of the RICO statute." United States v. Ruggiero, 726 F.2d 913, 919 (2d Cir. 1984), overruled on other grounds by Salinas v. United States, 522 U.S. 52 (1997); see also United States v. Fernandez, 388 F.3d 1199, 1259 (9th Cir. 2004), modified, 425 F.3d 1248 (9th Cir. 2005) ("It is a well-established principle of RICO law that a murder conspiracy can be a predicate racketeering act under § 1962(c)) (collecting cases); United States v. Pungitore, 910 F.2d 1084, 1134 (3d Cir. 1990) (concluding that the same argument was "meritless").[4] Thus, the Court had jurisdiction over the defendant to accept his guilty plea to Count One.

Similarly, the defendant is again wrong when he argues that Count Six (murder in-aid-of racketeering) is void, and therefore his conviction under Count Seven, which is based on his use of a firearm in connection with the crime charged in Count Six, must also be invalid.

---

[4] The case cited by the defendant, Guzowski v. Hartman, 969 F.2d 211, 214–16 (6th Cir. 1992), is a civil antitrust and RICO case that does not speak to whether conspiracy to murder is "racketeering activity."

5

See Motion at 7–8. Specifically, the defendant incorrectly claims that the government failed to allege in Count Six that he was distinct from the RICO enterprise. See Motion at 5–6. This argument is directly contradicted by Count Six of the Indictment, which provides for both the defendant and separately for the enterprise (the Six Tre Folk nation):

> "[T]he defendant . . . together with others, for the purpose of maintaining and increasing position in the Six Tre Folk Nation, an enterprise engaged in racketeering activity, did knowingly and intentionally murder an individual, to wit: Anthony Thomas, in violation of New York Penal Law Sections 125.25(1) and 20.00."

Indictment ¶ 35. During his plea allocution, the defendant confirmed that he had engaged in conduct in association with the enterprise, the Six Tre Folk Nation:

> I was associated with the Six [Tre] Folk Nation and participated in a pattern of racketeering activities, including an agreement to kill a member of the Crips Gang, the murder of Anthony Thomas on 8/9/2008. As part of the murder of Anthony Thomas, I possessed and discharged a gun. This occurred in Brooklyn.

Tr. at 22:10-15. Because Count Six was properly charged, the Court had jurisdiction over the defendant for purposes of accepting his guilty plea to Count Seven.

### B. The Defendant Waived His Right to Challenge His Conviction

As detailed above, the defendant's substantive arguments are without merit. But regardless, the defendant waived his right to challenge his conviction in the plea agreement. The defendant is bound by his agreement and his Motion should be denied on that ground as well.

The record is clear that the defendant waived his right to challenge his conviction under "any" provision provided that his sentence fell within the agreed upon range of the plea. Plea ¶¶ 2-3; Judgment. Courts "interpret plea agreements according to principles of contract law." United States v. Salcido-Contreras, 990 F.2d 51, 52 (2d Cir. 1993). A "defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). For example, in United States v. Pipitone, 67 F.3d 34 (2d Cir. 1995), the Second Circuit expressly rejected a habeas petitioner's attempt to challenge his sentence of 63 months where he had agreed, pursuant to his plea agreement, not to challenge a sentence shorter than 78 months. 67 F.3d at 39; Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (affirming district court's denial of § 2255 petition on the ground that petitioner had waived right to attack his sentence collaterally pursuant to plea agreement).

Here, because the Court imposed a sentence of 300 months' and five years' supervised release, the sentence recommended in the plea, the defendant is bound to his agreement and has thus waived his right to challenge his sentence and conviction, whether that challenge is styled as the withdrawn Petition or the instant Motion. Plea ¶¶ 2-3; Judgment. The

defendant makes no claim that his waiver was not knowing or voluntary and, indeed, the transcript of his plea hearing shows that his waiver was knowing and voluntary. Furthermore, the defendant acknowledged the validity of the waiver in his motion to voluntarily dismiss the Petition. Accordingly, the defendant's Motion must be denied.

### C. Rule 60(b)(4) Cannot be Used to Challenge a Criminal Conviction

Finally, the defendant's invocation of Federal Rule of Civil Procedure 60(b)(4) is not fitting in this case. At the outset, Rule 60(b)(4) "is not an appropriate vehicle for [a] defendant's attempt to vacate his criminal conviction because the Federal Rules of Civil Procedure govern 'suits of a civil nature.'" United States v. Pope, 124 F. App'x 680, 682 (2d Cir. 2005) (Summary Order) (holding that Rule 60(b) could not be used where the defendant had not sought relief in the form of a motion under 28 U.S.C. § 2255); United States v. Rosemond, No. 10-CR-626 (CBA), 2018 WL 11236084, at *1 (E.D.N.Y. Nov. 21, 2018) (same). "While a Rule 60(b) motion may be used 'to set aside a habeas denial' in limited circumstances, it 'does not itself seek habeas relief.'" Pope, 124 F. App'x at 682. Here, as in Pope and Rosemond, the defendant is not seeking relief from a habeas petition because the defendant's Petition was not denied—it was voluntarily dismissed at the defendant's request. Thus, he may not avail himself of Rule 60(b)(4).

Moreover, even if the defendant's Petition had been denied, the instant Rule 60(b)(4) Motion would not be a valid ground upon which to challenge such a denial because the Motion asserts new claims for relief from the underlying conviction. See Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction.") (emphasis added); see also Gonzalez v. Crosby, 545 U.S. 524, 529–536 (2005) (concluding that courts should treat motions styled under Fed. R. Civ. P. 60(b)(6) as second or successive habeas petitions under § 2244 when they assert new "claims" for relief). The Petition had relied on fundamentally different arguments than the Motion, and thus the Motion cannot be construed to attack the integrity of the Petition. Rather, the defendant argues (incorrectly) in the Motion that the underlying conviction must be set aside for a different reason than that set forth in the Petition—the District Court lacked subject matter jurisdiction.

III. <u>Conclusion</u>

        Accordingly, for all of the reasons set forth above, the Motion should be denied.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By: _____
        Sean M. Sherman
        Assistant U.S. Attorney
        (718) 254-6262

cc:    Clerk of Court (NGG) (via ECF)
       Geraldo Elainor, Defendant (via certified mail)