UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

GERALDO ELAINOR,

                Defendant.

MEMORANDUM & ORDER
11-CR-0303 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Geraldo Elainor has filed a *pro se* motion for compassionate release from the Federal Correctional Institute, McKean ("FCI McKean"). (Mot. for Compassionate Release ("Def.'s Mot.") (Dkt. 718); Am. Mot. for Compassionate Release ("Def.'s Am. Mot.") (Dkt. 723).) He argues five purportedly extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A).[1] Because Elainor's motion is procedurally improper, however, the court DENIES it in full.

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations adopted) (quoting 18 U.S.C. § 3582(b)). Those circumstances require that a defendant satisfy "three conditions": (1) "administrative exhaustion," (2) "satisfaction of the § 3553(a) factors," and (3) "extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam); *United States v. Rodriguez*, 147 F.4th 217, 222 (2d Cir. 2025) (holding the same). Thus, "if a district

---

[1] These circumstances are the application of the career offender enhancement, a change in the law, sentence disparities among similar defendants, rehabilitation, and medical issues. (*See generally* Def.'s Mot.; Def.'s Am. Mot.)

1

court determines that one of those conditions is lacking, it need not address the remaining ones." *Keitt*, 21 F.4th at 73.

To satisfy the administrative exhaustion requirement, a defendant must "fully exhaust[] all administrative rights" to seek relief before Bureau of Prisons or thirty days must have "lapse[d] . . . from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also Rodriguez*, 147 F.4th at 222. Relevant here, that means a defendant is required to send the warden a "request" to "bring a motion" for compassionate release. *Id.*

Further, "[t]he burden of showing that the circumstances warrant a sentence reduction is on the defendant." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024); *see also United States v. Madoff*, 465 F. Supp. 3d 343, 349 (S.D.N.Y. 2020). That means his motion "*should include evidence of compliance* with the . . . mandatory administrative exhaustion requirement," such as documentation of his submission to the warden. *See United States v. Johnson*, 671 F. Supp. 3d 265, 271 (E.D.N.Y. 2023) (emphasis in original) (quoting *United States v. Friedlander*, No. 20-CR-441 (JS), 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022)). "[A] defendant's statement attesting to exhaustion, on its own, is insufficient to satisfy this requirement." *Id.* (collecting cases).

As the Government explains, Elainor has failed to meet his burden to demonstrate that he satisfied the exhaustion requirement. (*See* Gov't's Opp'n to Def.'s Mot. ("Govt.'s Opp.") (Dkt. 729) at 6.) He merely asserts that he "filed a request for compassionate release to the [w]arden[] at FCI McKean," and that "30 days have lapsed from the receipt of the request" without a response from the warden. (Def.'s Mot. at 11.) But he provides the court with no documentation of that request. (*See id.*) Nor has Elainor mentioned the specific date of his purported request. (*See id.*) In fact, the Government notes that it has "contacted FCI McKean and was

informed that no such request was made." (Gov't's Opp. at 6.) Thus, the court cannot confirm that Elainor ever filed a request with the warden or that—after failing to receive a response—he waited 30 days to file his present motion.[2] (*See id.*) Without more, Elainor's bare "statement attesting to exhaustion" is "insufficient" to meet his burden to establish eligibility for compassionate release.[3] *See Johnson*, 671 F. Supp. 3d at 271.

In sum, the court DENIES Elainor's motion for compassionate release. The Clerk of Court is respectfully DIRECTED to send a copy of this order to Elainor at FCI McKean.

SO ORDERED.

Dated:   Brooklyn, New York
         November 5, 2025

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

[2] Elainor's amended motion does not mention exhaustion at all. (*See generally* Def.'s Am. Mot.) It therefore does not help him satisfy the requirement.

[3] For that reason, the court "need not address" the five purportedly extraordinary and compelling circumstances that Elainor contends merit compassionate release. *See Keitt*, 21 F.4th at 73.